PEOPLE *ex rel.* HART *v.* BLACKHURST.

(*Supreme Court, Special Term, New York County.* August 2, 1890.)

1. MANDAMUS—TO AFFIX SEAL—RELIGIOUS CORPORATIONS.
   An application by the rector of a church for a *mandamus* to the officer having custody of the corporate seal of the church to affix the same to an agreement for consolidation with another church will be denied where it is not shown that the rector as such has authority to maintain the proceedings, and it does not appear that he was authorized thereto by the vestry.

2. SAME—WHEN DENIED.
   Where it appears on such application that the members of the church are divided as to the wisdom or desirability of the proposed consolidation, and the papers in the case do not show what proportion of the members are in favor of the consolidation, the *mandamus* will be denied so that a majority of the members may have an opportunity to take such action as they may deem proper.

3. SAME—DISPUTED FACTS.
   On an application for *mandamus* the court will not determine disputed questions on affidavits.

Application by A. Bloomer Hart, as rector, and others, as church-wardens and vestry-men, of the Protestant Episcopal Church of St. Stephen, a corporation, for a *mandamus* to James Blackhurst, as treasurer of said church, to affix the corporate seal to an agreement theretofore made with the Holy Trinity Church. After the denial of the former application, (*ante,* 669,) the court of appeals reversed the order of the court of common pleas enjoining the consolidation proceedings, (24 N. E. Rep. 1013,) and this second application for *mandamus* is now made.

*Andrew J. Shipman,* for relator. *Booraem, Hamilton & Beckett,* (*David Bennett King,* of counsel,) for respondent.

ANDREWS, J. I am of the opinion that the application for a peremptory writ of *mandamus* requiring the respondent to affix the seal of the church to the proposed agreement should be denied for the following reasons: *First.* The writ of *mandamus* does not issue as a matter of right, but only in the discretion of the court, and it is never granted except to enforce a clear legal right. *Second.* It is very doubtful whether the relator has such an interest in the matter in controversy as entitles him to maintain this proceeding, inasmuch as it is not a proceeding to enforce an alleged duty in which the general public is concerned, but to promote certain alleged private rights. The whole subject of taking such steps as might be necessary to bring about a consolidation of the two churches was not referred by the vestry to the relator, but to a committee of three. There has been an election at which 10

vestry-men were elected and took office.  Subsequently, in a *quo warranto* proceeding, 7 of such vestry-men were ousted from their offices.  It is certainly very doubtful whether the members of the old board, which was succeeded by a new board, are now in office.  If they are not, then there are but 3 vestry-men in office, and those 3 could not authorize the relator to commence and maintain this proceeding.  It is not shown that, as rector, the relator has any authority to maintain a proceeding of this kind, and it does not appear that he has ever been authorized either by the old board of vestry-men or by the new board to institute the same.  Certainly a stranger to the church could not maintain the proceeding, and, in my opinion, it is exceedingly doubtful whether the relator can do so.  *Third.* Assuming, however, that the relator either by virtue of his position as rector or under authority received from the old board of vestry-men, or the new board, represents the church corporation and the vestry-men, he has not a clear legal right to have the seal affixed to the proposed agreement.  The question whether such right does or does not exist depends partly upon the decision of certain questions of law, and partly upon the decision of certain questions of fact.  The questions of law are not altogether free from difficulty, but that circumstance presents no reason why the court should not pass upon it.  With regard to the questions of fact, the situation is entirely different.  In deciding whether or not a writ of *mandamus* shall issue, the court never undertakes to determine disputed questions of fact upon affidavits.  This has been decided so many times that it is now elementary law.  The whole foundation of the relator's claim rests upon the original resolution adopted by the old board of vestry-men, and it is claimed by the respondent that the resolution is absolutely void, because no notice of the object of the meeting at which it was adopted was given.  The relator alleges in his papers that such meeting was "duly" held, and the respondent sets up a variety of facts which tend to show that it was not "duly" held.  Before this question can be decided, evidence must be taken to ascertain what the facts were, because the question of law involved cannot be decided until it is shown whether or not it was necessary to give any notice of the object of the meeting, and, if so, what notice, if any, was given.  If the original resolution was not legally adopted, the respondent was under no duty to affix the seal to the agreement, and neither the rector nor the vestry-men nor the church could compel him to do so; and the respondent has the right to have this question determined in the regular and ordinary way,—the questions of law by the court, and the questions of fact by the jury.  Many other important allegations contained in the moving papers are denied in the answering affidavits, and, as above stated, the circumstance that there is a serious dispute as to material and important facts is fatal to this application.  *Fourth.* Even if the questions of law were less doubtful, and the dispute as to the facts were not so serious, I should be disinclined to issue a peremptory writ of *mandamus* requiring the respondent to affix the seal to the proposed agreement, at the present time.  There is a serious controversy between members of the church as to the wisdom or desirability of the proposed consolidation.  So many charges and counter-charges have been made, and the matter has become so complicated, that it is impossible to determine from the papers before me what proportion of the members of the church are in favor of such consolidation.  It seems to me that, upon the whole merits of the case, no further action should be taken until there has been a fair election.  If a majority of the members of the church consider such consolidation desirable, they will undoubtedly elect a board of vestry-men who will take the proceedings necessary to effect the same.  If a majority of the members of the church are opposed to such consolidation, it is difficult to understand why the minority should be allowed to carry it through at all.  The application for a *mandamus* will be denied, with $10 costs.