THE PEOPLE OF THE STATE OF NEW YORK EX REL. THE RECTOR AND OTHERS OF THE PROTESTANT EPISCOPAL CHURCH OF ST. STEPHEN, IN THE CITY OF NEW YORK, RELATORS, *v.* JAMES BLACKHURST, AS TREASURER AND SENIOR WARDEN, DEFENDANT.

*Religious societies — a committee of a vestry, subsequently ousted from their offices as vestrymen, have no further power to act for the parish.*

At a meeting of the vestry of an incorporated religious society a committee, composed of three vestrymen, was appointed to " adopt the requisite legal measures for consummating the union " of that parish with another. Subsequently the persons thus appointed were ousted from their offices by the judgment of a competent court. Thereafter they applied for a *mandamus* to compel the treasurer of the society to affix its seal to an agreement for consolidation made by them.

*Held*, that as the clear import of the resolution of the vestry authorizing the appointment of the committee was that the members of the committee should be vestrymen, and as the rector, in his appointment of it, had named only such, the office of committeeman was dependent upon that of vestryman, and that, upon the rendering of the judgment of ouster from the latter office, their powers to act for the society as a committee of the vestry ceased and determined.

The status and power to represent the corporation of the warden and two members of the vestry, who alone had not been ousted from office, considered.

APPEAL by James Blackhurst, as treasurer and senior warden of the Protestant Episcopal Church of St. Stephen, in the city of New York, and the petitioners, the Corporation of the Rector, Church Wardens and Vestrymen of said Church, Charles E. Fleming, William S. Watson and Charles Schroeder, from an order, entered in the office of the clerk of the county of New York on the 18th day of February, 1891, denying the motion of said Blackhurst and of the said petitioners for an order withdrawing, dismissing and discontinuing this proceeding as unauthorized.

*W. H. Hamilton*, for the defendant Blackhurst and the petitioners, appellants.

*W. Swayne*, for the relator, respondent.

VAN BRUNT, P. J.:

This proceeding was originally instituted in August, 1890, for a peremptory *mandamus* to compel the appellant Blackhurst to affix the corporate seal of the relator to an agreement for the union and consolidation of the relator with the Holy Trinity Church of Harlem.

The application for a peremptory writ was denied, but in pursuance of leave given, an alternative writ of *mandamus* for the same relief was issued in November, 1890. One of the grounds upon which said application for the peremptory writ was opposed was that the proceeding was initiated without the authority of the relator, notwithstanding which objection the alternative writ was granted.

The latter writ was duly served on the defendant in January, 1891, upon a petition signed by three of the appellants claiming to be officers of St. Stephen's Church, and upon affidavits an order was obtained to require the relators therein named to show cause why these proceedings should not be vacated and the writ dismissed. It also contained a provision extending the defendant's time in which to make return to said alternative writ until ten days after the hearing and determination of said motion. The said motion came on for hearing before the same justice who had heard the motion for a peremptory *mandamus*, and he having denied the same upon the merits, from the order entered thereon this appeal is taken by the defendant as well as the petitioners.

It is claimed on behalf of the respondents that this proceeding was instituted and has been carried on under the direction and authority of a committee appointed by the vestry of the relator corporation, under certain resolutions for consolidation, passed at a meeting of the vestry in February, 1890, whereby the rector was authorized to appoint a committee of three, among other things to adopt the requisite legal means for consummating the union of the two parishes. The attorney for the relator in this proceeding has appeared for the corporation under the retainer and authority of said committee.

It further appears that, prior to the initiation of this proceeding, certain proceedings in the nature of *quo warranto* were had against certain members of the vestry of the relator corporation, among whom were the three members of the vestry appointed by the rector pursuant to said resolution, and the members of the said

committee were ousted from their office as vestrymen, together with four others, being three vestrymen and one warden, making seven in all, leaving thus only two vestrymen and one warden in office.

If it is suggested that the above-mentioned action only declared the election of the members of said committee at the election in 1890 void, and that they held over under their election of 1889, it may be answered that the right to so hold over was attempted to be established in the *quo warranto* action wherein Cock and others were relators, and Fleming and others defendants, and it was adjudicated in that case that no such right existed.

It is claimed upon the part of the relators that, as no resolution abridging the powers or rescinding the appointment of the committee had been passed, such committee remained in full exercise of its powers, and has a right to discharge its duties, and has continued to discharge the same down to the present time ; and that the petition upon which the motion to dismiss was founded has never been authorized by the vestry of the relator, nor at any meeting of the petitioners or other persons claiming to act as a vestry.

In support of the application upon the part of the relators it is also urged, first, that the corporation had the authority to delegate the power which it had to this committee of three, and that the powers of such committee did not expire with the term of the appointing body.

It is clear, and no question is raised but that such delegation of power by a corporation to a committee is proper, but it seems to us that the committee is appointed to be a committee of the vestry, and although the resolution does not say that the committee was to be a committee of the *vestry*, it was the clear import of the resolution that such committee should be members of the vestry ; and the rector, in his appointment, only named members of the vestry, and hence their office of committeemen was conferred upon them because of the fact of their being members of the vestry ; and they having ceased to be members of the vestry, and being committeemen only because they were members of the vestry, it is clear that their office of committeemen also ceased.

A committee of the vestry cannot be a committee of persons who are not members of the vestry, and the sole authority conferred

.upon the rector was to appoint a committee of the vestry, which is, .as already said, the plain import of the resolution, and is what the rector understood at the time of making the appointment to be its import.

Such being the case, how is it possible for this committee to exercise its functions after its members have been ousted from the office which authorized them to act as committeemen? As well might an executive committee of a business corporation claim that, because a resolution had been passed by the corporation for the appointment of such committee, and that they had been appointed such committee, they had a right to exercise their powers as an executive committee of the corporation after they had ceased to be trustees or directors.

But it is urged that the powers of the committee did not expire with the term of the appointing body, and this undoubtedly would be true if these committeemen had been mere agents of the corporation, because the rule is well settled that the authority of the agent of a corporation does not expire simply because the board of directors who appointed them has gone out of office.

But the distinction between the case at bar and the cases cited by the learned counsel for the appellant is that the committee in the case at bar was a committee of the vestry. They were not mere agents of the corporation, except because of the official character which they bore to the corporation, being, as already stated, like the executive committee of a corporation whose power clearly expires with the term of their office. We think, therefore, that as soon as these men were ousted from their office, because of which they had been appointed on this committee, that their powers as committeemen ceased.

But it is urged that the appellants had no standing in court to present the petition; that they had no right to represent the corporation; that they were not competent to conduct any business, and that there was no meeting of the vestry which authorized the presentation of their application.

This may be entirely true so far as authority to represent the corporation was concerned, but they, being officers of that corporation, had a right to call the attention of the court to the fact that there was no body of men who had a right to represent that corporation, and that the people who were assuming to represent the

corporation were absolutely without authority and were imposing upon the court; when that fact was presented to the court by anybody, it was the duty of the court to dismiss the proceedings, because the court will never entertain an action or proceeding when it is authoritatively informed from any source that it is being initiated without authority upon the part of the person or corporation in whose name it is pretended to be brought.

It is urged, further, that the alleged objections to these proceedings were presented to the court at Special Term before the issuance of the alternative writ, and overruled, and that the defendant if he desired to raise the point should have appealed from that decision, and, not having done so, was concluded. But it does not appear from the order appealed from that any such objection was taken at the hearing of the motion; and if it were, it was overruled by the court which had determined the original application, which was necessarily equivalent to the granting of leave to renew the motion, and the application of the petitioners was denied upon the merits, and not because of any former adjudication.

The point that the appellant was estopped from objecting to the maintenance of the proceedings, because of having obtained an extension of time to make a return, is not necessarily fatal to the proceeding. The court might, in a proper case, deny the application upon that ground. But the record in this case does not present any such case as would justify the court in denying the application for any such reason. The court is informed, and the facts are conceded, that this proceeding is being initiated under what, in our opinion, is an authority which has terminated. It would be the duty of the court, at any stage of these proceedings, as soon as it learned this fact, to dismiss the whole proceeding because it was binding upon nobody.

A decision in this application for a *mandamus*, under the circumstances, adverse to the corporation of St. Stephen's Church, would not be binding upon the church because the proceeding was entirely unauthorized, and was instituted without any authority whatever from the corporation. Hence the court would not continue to entertain the application after it had been informed that it was instituted without authority.

We are of opinion, therefore, that, because of the want of

authority to institute these proceedings, the application to dismiss should have been granted, and the order appealed from must be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

Daniels, J., concurred.

Order reversed, with ten dollars costs and disbursements.