RECTOR, ETC., OF HOLY TRINITY CHURCH *v.* RECTOR, ETC., OF CHURCH OF ST. STEPHENS *et al.*

*(Supreme Court, General Term, First Department.*   May 15, 1891.)

RELIGIOUS SOCIETIES—VESTRYMEN—EMPLOYMENT OF COUNSEL.

   In an action by a church corporation to compel another church corporation to affix its corporate seal to an agreement for the consolidation of the two corporations, (Laws N. Y. 1876, c. 176, as amended by Laws 1880, c. 167,) it appeared that the committee of defendant's vestry appointed in the consolidation proceedings had been declared fraudulently elected, and had been ousted from their offices as vestrymen.  *Held,* that the members of defendant's vestry who remained in office, though not a sufficient number to constitute a quorum, had authority to retain counsel to represent defendant, and an appearance by the counsel retained by such committee before their ouster would be set aside as unauthorized.

Appeal from special term, New York county.

Action by the rector, etc., of the Holy Trinity Church, etc., against the rector, etc., of the Church of St. Stephens, James Blackhurst, Charles E. Flem-

ing, and others. From order striking out, vacating, and setting aside notice of appearance and answer served by Andrew J. Shipman, attorney on behalf of defendant corporation, the latter appeals. For former reports, see 9 N. Y. Supp. 958, 11 N. Y. Supp. 669, 670, 671, 673–675.

Argued before VAN BRUNT, P. J., and DANIELS and LAWRENCE, JJ.

*Wager Swayne,* for corporation appellant. *Chas. Blandy,* for plaintiff appellant. *D. G. Rollins,* for respondents.

VAN BRUNT, P. J. This action was brought to compel the defendants to affix the seal of the defendant corporation to an alleged agreement of consolidation, to present the same to the bishop and standing committee of the diocese of New York for approval, etc. A committee of the vestry had been appointed by the rector of the defendant corporation to adopt the requisite legal measures for consummating the action of the two parishes. Since their appointment these committeemen have been ousted from their offices as vestrymen, and in the case of *People* v. *Blackhurst,* 15 N. Y. Supp. 114, (decided at the last term of this court,) it was held that they thereafter had no power to exercise any of their rights as committeemen. This action, however, having been brought as above mentioned, the said committee, assuming to represent the defendant corporation, employed one Andrew J. Shipman to appear as the attorney of the corporation, virtually confessing judgment. The three members of the vestry who still remained in office (all the others having been declared to have been fraudulently elected) then presented their petition to have said answer and retainer stricken out, and to compel the plaintiff's attorney to accept a notice of appearance from an attorney to be selected by them. This motion was granted, with costs against the plaintiff. It is clear that the appearance of Shipman was entirely unauthorized. The committee who assumed to authorize him, no longer had any power to meddle with the affairs of the defendant corporation, and the only representatives of the corporation were the vestrymen who still remained, and who, although they did not constitute a quorum of the vestry, had the right to protect, as far as in their power, the interests of the corporation, because it cannot be claimed for a moment that, there being no sufficient number of trustees of a corporation in existence to constitute a quorum, thereby the corporation is powerless to protect itself, and must allow judgment in every action brought against it by designing persons to go by default. Therefore it was proper for the court to make the order which it did, compelling these plaintiffs to accept the appearance of an attorney authorized by all that remained of the board of trustees of the church, in order that the rights and interests of the church might be protected. As to the claim upon the part of the plaintiff that it should not be saddled with the costs in this case, we see no reason for interfering with the provisions of the order. We think it is apparent that this action was brought for the purpose of getting a judgment which might forestall the action of any vestry which might be elected who truly represented the interests of the defendant corporation. Whether there was collusion with the attorney who appeared or not, we think it is plainly evident that the object of the action was to get a judgment without giving the defendant corporation a real opportunity to be heard upon the merits; and they knew when they accepted the answer and the appearance from Shipman that his authority arose from a committee which had absolutely ceased to exist. Under these circumstances we do not think there was any hardship in imposing costs upon the plaintiff, and the order appealed from should be affirmed, with $10 costs and disbursements against the plaintiff. All concur.